# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VANESSA AGUAYO,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-965-2

Before STEWART, Chief Judge, and PRADO and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Vanessa Aguayo appeals the 37-month sentence that was imposed following entry of her guilty plea to transporting illegal aliens. She challenges the U.S.S.G. § 2L1.1(b)(6) enhancement for intentionally or recklessly creating a substantial risk of death or serious bodily injury; the U.S.S.G. § 3B1.4

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40128

enhancement for using minors to assist in avoiding detection of the offense; and the substantive reasonableness of her sentence.

We review a district court's interpretation of the Guidelines de novo and the district court's findings relative to the § 2L1.1(b)(6) enhancement for clear error. *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011). The record reflects that Aguayo and her sister agreed to smuggle undocumented aliens from Mexico into the U.S. They caravanned together with the undocumented aliens in separate vehicles. At a border checkpoint, two aliens were discovered in the cargo area of a sports utility vehicle (SUV); the aliens were covered with blankets, heavy luggage, and a stroller, among other items. As a preliminary matter, we conclude that the district court did not err in finding that Aguayo was accountable for the placement of the aliens in the SUV. *See* U.S.S.G. § 1B1.3(a)(1)(B). Furthermore, the district court did not err in finding that placing the aliens in the cargo area of the SUV covered in heavy items created a substantial risk of injury to the aliens. *See United States v. Mata*, 624 F.3d 170, 172, 174-75 (5th Cir. 2010).

A § 3B1.4 enhancement applies when a defendant decides "'to bring a minor along during the commission of a previously planned crime as a diversionary tactic or in an effort to reduce suspicion.'" *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013) (quoting *Mata*, 624 F.3d at 175). "To trigger the enhancement, a defendant must take *some affirmative action* to involve the minor in the offense"; mere presence is insufficient. *Powell*, 732 F.3d at 380 (internal quotation marks and citation omitted). "When a defendant's crime is previously planned—when, for example, she leaves the house knowing she is on her way to . . . pick up a person who is unlawfully present in the United States—the act of bringing the child along instead of leaving the child behind is an affirmative act" involving the minor. *Mata*, 624 F.3d at 176.

2

No. 17-40128

Evidence establishing more than mere presence supports the district court's determination that Aguayo used minor children to avoid detection of the offense. *See id.* Aguayo knew she would be transporting aliens. Because Aguayo left her house knowing that she was going to commit the subject offense, "the act of bringing the [children] along instead of leaving [them] behind is an affirmative act that involves the minor in the offense." *Id.* For the foregoing reasons, the district court did not err in applying the § 3B1.4 enhancement. *See id.*

Aguayo asserts that the 37-month sentence is unnecessarily harsh because she transported only one alien who was seated comfortably inside her vehicle; her offense was non-violent and resulted in no damage or injury to anyone, nor loss of property; and that the district court erroneously gave weight to the enhancements for substantial risk of death or injury and use of a minor. A district court must properly calculate the guidelines range and make an individualized assessment based on the facts of the case in light of the 18 U.S.C. § 3553(a) factors; the sentence should be sufficient, but not greater than necessary, to comply with the goals of § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007); § 3553(a). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court imposed a sentence within the guidelines range that is entitled to a presumption of reasonableness. *See Campos-Maldonado*, 531

No. 17-40128

F.3d at 338. In sentencing Aguayo, the district court adopted the findings and calculations in the presentence report, considered the mitigating circumstances articulated by counsel, noted the seriousness of the offense and Aguayo's extensive criminal record, expressed concern about involving minors in the offense, and considered the § 3553(a) factors. We find no error in the district court's sentence, *see United States v. Rodriguez*, 523 F.3d 519, 522, 525-26 & n.1 (5th Cir. 2008), and hold that Aguayo has failed to rebut the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.

Accordingly, the judgment of the district court is AFFIRMED.

4